UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELVIN MARCUS JOHNSON, Jr., <br><br>   Petitioner, <br><br>   v. <br><br> JASON BENNETT, <br><br>   Respondent. | CASE NO. 3:23-cv-05188-BHS-BAT <br><br> **REPORT AND RECOMMENDATION** |

On March 8, 2023, Petitioner filed a 28 U.S.C § 2241 federal habeas petition contending his federal criminal judgment and sentence entered in the District of Oregon in CR-14-00210-JO-2 are invalid. Dkt. 1. Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears from the petition and attached exhibits the petitioner is not entitled to relief. Rule 4 applies to habeas petitions brought under § 2241. *See* Rule1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

The Court has reviewed the habeas petition and concludes it seeks relief only available under 28 U.S.C. § 2255 and that such relief is barred by the statute of limitations. No amendment can cure this deficiency and therefore leave to amend the habeas petition should be denied and the case should be addressed immediately. The Court accordingly recommends dismissing the

REPORT AND RECOMMENDATION - 1

complaint with prejudice for the reasons below.

**DISCUSSION**

Petitioner contends his federal criminal judgment entered in the District of Oregon in CR-14-00210-JO-2 is invalid "under 18 U.S.C. §§ 3553(a); 3742 (a)(1)(2) 'review of a sentence' see U.S. v. Booker." Dkt. 1 at 2. Petitioner raises two "issues." He first contends his federal judgment is invalid on its face because the District Judge used prior unconstitutional convictions in state cases to enhance his sentence. Second, Petitioner contends his federal judgment is invalid because the District Judge used a Presentence Investigation Report that contained invalid state convictions. *Id.* at 3

In support, Petitioner argues he was indicted in the District of Oregon in June 2014. *Id.* at 4. The Presentence Investigation Report contained Washington State convictions for simple possession of a controlled substance. On February 25, 2021, the Washington Supreme Court in *State v. Blake* 197 Wn.2d 170 (2021) 2021 held Washington State's strict liability drug possession statute criminalizes unintentional and unknowing possession of controlled substances and is unconstitutional. Plaintiff thus contends the Court should find his federal criminal judgment invalid and discharge him from unlawful federal restraint. Plaintiff also notes he has an appeal pending in Circuit Court of Appeals for the Ninth Circuit challenging his state conviction for aggravated murder and a life sentence. Dkt. 1 at 5.

Petitioner challenges the legality of his federal criminal conviction, styling his challenge as brought under § 2241. However, 28 U.S.C § 2255 is the exclusive means by which a federal defendant may test the legality of his federal conviction and detention. *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (as amended). A prisoner may proceed under § 2241 only if he can show "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality

of his detention." 28 U.S.C. § 2255. A § 2255 motion must be filed in the district where the defendant was sentenced because only the sentencing court has jurisdiction. *Hays v. Tews*, 771 Fed. Appx. 769 (9th Cir. 2019) citing *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

Under 28 U.S.C. § 2255(f), a 1-year period of limitations applies to § 2255 motions. The one-year limitations period runs from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making the motion created by government action is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court; or (4) the date on which the facts supporting the claims could have been discovered by the exercise of due diligence. *Id.*

Applying the principles above, the Court finds Petitioner specifically seeks habeas relief from the federal criminal conviction and sentence imposed in the District of Oregon in 2014. Indeed, he asks the Court to vacate the conviction and sentence and release him from federal restraint imposed by the District Court in Oregon. His challenge to his Oregon federal conviction and sentence must therefore be brought under § 2255 and cannot be brought under § 2241.

There is also no basis to permit Petitioner to proceed under § 2241 on the grounds the remedies available under § 2255 are inadequate or ineffective to test the legality of his detention. Plaintiff contends certain Washington State criminal convictions were invalidated by the Washington Supreme Court in 2021 in the *Blake* decision. He could have, but did not, seek § 2255 relief in 2021 when the Washington Court issued its decision in *Blake*. The remedies under § 2255 regarding Petitioner's conviction and sentence were fully available to Petitioner in 2021 and thus cannot be deemed inadequate or ineffective. However, rather than filing a timely § 2255 petition, he waited more than two years after the *Blake* decision was issued to seek habeas relief. The fact that § 2255 relief from his Oregon conviction is now barred by the statute of limitations

REPORT AND RECOMMENDATION - 3

does not render § 2255's remedy inadequate or ineffective. *See Holland v. Pontesso,* 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner missed the statute of limitations).

In sum, the Court recommends dismissing Petitioner's habeas petition. The petition asks the Court to invalidate Petitioner's federal conviction and sentence imposed in the District of Oregon. While styled as a § 2241 habeas petition, invalidation of a conviction and sentence must be brought through a § 2255 habeas petition, not a § 2241 petition. Petitioner seeks relief based upon the Washington Supreme Court's 2021 decision in *Blake*. He could have sought § 2255 in 2021 but did not. However, because Petitioner filed the present petition more than one year after the Washington Supreme Court issued the *Blake* decision, the relief Petitioner seeks is time barred and the Court therefore recommends DISMISSING the petition with prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **March 24, 2023.** The Clerk should note the matter for **March 24, 2023**. The failure to timely object may affect the right to appeal.

DATED this 10th day of March, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4